**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

NOV 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAMIL SAFAROV; KAMRAN SAFAROV; EMIR SAFAROV; SHAMIL SAFAROV; LEILA SAFAROV, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 24-93 <br><br> Agency Nos. <br> A241-755-887 <br> A241-755-884 <br> A241-755-885 <br> A241-755-886 <br> A241-755-889 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2024[**]
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.[***]

Petitioners Kamil Safarov, his wife Leila Safarov, and their three children,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

who are all ethnic Meskhetian Turks and citizens of Russia, seek review of a decision from the Board of Immigration Appeals (BIA) affirming without opinion the denial by an Immigration Judge (IJ) of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks and citation omitted). We review questions of law de novo and the agency's factual findings for substantial evidence. *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024). The parties agree that the substantial evidence standard applies to the IJ's determination of whether Petitioners were subject to past persecution. "Under the substantial evidence standard, factual findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022)).

Petitioners' appeal of the IJ's decision on asylum and withholding of removal turns on Petitioners' claims of persecution. Petitioners argue that they were subject to past persecution in Russia based on their membership in the

disfavored groups of Meskhetian Turks and Muslims and that they have a reasonable fear that they will be subject to future persecution.

Substantial evidence supports the IJ's conclusion that Petitioners were not subject to past persecution. Petitioners alleged, and the IJ properly considered, various claims of harm and mistreatment, including: a physical assault against Kamil Safarov in 1997, discrimination in employment and in seeking medical services, disruption of religious practices, and childhood bullying. The IJ accepted most of Petitioners' testimony as credible, and properly discounted only the portions of Kamil Safarov's verbal testimony where it contradicted his declaration. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022) (holding that "inconsistencies in [] details" and omissions can support an adverse credibility finding).

As the IJ recognized, although the conduct directed against Petitioners in Russia, whether considered individually or cumulatively, may have been corrupt, harassing, discriminatory, difficult, and painful, it did not rise to the level of past persecution. "Persecution is an 'extreme concept.'" *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). As such, "it 'does not include every sort of treatment our society regards as offensive.'" *Id.* (quoting *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001)). Indeed, we have affirmed that similar or more egregious conduct was not past

persecution. *See, e.g., Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) ("Wakkary's personal experiences at the hands of native Indonesians—being beaten by youths and robbed of his sandals and pocket money in 1985 and 1990 . . . and being accosted by a threatening mob while his family was driving to Bible school in 1998—are instances of discriminatory mistreatment" that did not compel a finding of past persecution.); *Halim v. Holder*, 590 F.3d 971, 975–76 (9th Cir. 2009) (concluding that "five instances of mistreatment," including, *inter alia*, one beating and one instance in which the petitioner was denied access to medical treatment, did not compel a finding of past persecution).

To show a well-founded fear of future persecution, an applicant must provide evidence that it "is a reasonable possibility he or she would be singled out individually for persecution" or that "there is a pattern or practice in his or her country of nationality" of persecution against the applicant's claimed disfavored group. 8 C.F.R. § 1208.13(b)(2)(iii); *see also Wakkary*, 558 F.3d at 1060. For individualized future persecution, the IJ explained that the specific incidents against Petitioners appeared to be spontaneous, not targeted for individual reasons, and without any evidence that those persons would again attack if Petitioners moved back to Russia. The IJ determined that although Petitioners arguably have shown a reasonable possibility of future discrimination, they have not shown a reasonable possibility that any such discrimination would rise to the level of

24-93

persecution. As the IJ correctly concluded, although the record shows a history of discrimination against Meskhetian Turks (and other minorities) in Russia, the record does not establish that current discrimination against Meskhetian Turks is "so severe and pervasive" as to constitute persecution, or that current discrimination against Meskhetian Turks is state sponsored. Substantial evidence supports the IJ's determination that Petitioners did not establish a well-founded fear of future persecution for purposes of asylum. They also necessarily fail to meet the more stringent "clear probability standard for withholding of removal." *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (quoting *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001)).

"To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citing *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078-79 (9th Cir. 2015)). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). The IJ concluded that because Petitioners did not provide evidence of serious physical harm in the past or that they would likely suffer torture if they returned to Russia, Petitioners failed to show entitlement to relief

under CAT. For the same reasons discussed above in concluding that Petitioners

failed to show persecution, substantial evidence supports this conclusion by the IJ.

**PETITION DENIED.**[1]

---

[1] Petitioners' motion for stay of removal (Dkt. No. 6) is denied as moot.

24-93